**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

In re: Train Derailment Near
Tyrone, Oklahoma, on April 21, 2005

:

:

:

:

:

:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

08 MD 1936(BSJ)
**Order**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/11

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Before the Court is a Motion for a Suggestion of Remand
filed by Plaintiffs Kawasaki Kisen Kaisha, Ltd. ("KL") and "K"
Line America, Inc. ("KAM") and intervening Plaintiff Union
Pacific Railroad Company ("UP" and collectively "plaintiffs").
Plaintiffs move the court for an order pursuant to 28 U.S.C. §
1407 to recommend that the Judicial Panel on Multidistrict
Litigation remand the single case transferred to this District
upon centralization, 08-cv-3522, to the United States District
Court for the Northern District of Illinois.  The original
docket number assigned to this case in the Northern District of
Illinois is 07-cv-5675.  The motion is opposed by Defendant
Plano Molding Company ("Plano").  For the reasons set forth
below the motion is GRANTED.

"The power to remand a case to the transferor court lies
solely with the Judicial Panel on Multidistrict Litigation.  28
U.S.C. § 1407(a).  In deciding whether to issue a suggestion for
remand to the Panel, a transferee court is guided by the
standards for remand the Panel uses."  In re FedEx Ground

Package Sys., 05-MD-527 (RM), 2010 U.S. Dist. LEXIS 83086, *3
(N.D. Ind. Aug. 12, 2010) (quotations and citations omitted).
The Court's discretion to make this suggestion should include
the consideration of "when remand will best serve the
expeditious disposition of the litigation . . . and whether one
option is more likely to insure maximum efficiency for all
parties and the judiciary." In re FedEx Ground Package Sys.,
05-MD-527 (RM), 2010 U.S. Dist. LEXIS 83086, *4-5 (N.D. Ind.
Aug. 12, 2010). "When only case-specific proceedings remain,
the court can at that point exercise its discretion to remand
before the conclusion of pretrial proceedings." Id. (quotations
and citations omitted).

Plaintiffs' claims against defendant Plano arise from the
derailment of a UP train near Tyrone, Oklahoma on April 21,
2005.  The train was carrying the cargo of numerous businesses,
including a shipping container holding steel molds that were
destined to be delivered to Plano in Illinois.  Plaintiffs
allege that the derailment was caused when those steel molds
broke through the floor of their shipping container, the floor
of the railcar and then fell onto the rail bed, where they were
struck by the following railcar.

Plano ordered the steel molds from CMT International
("CMT"), an Illinois company that arranges for the
manufacturing, sale and shipment of steel injection molds from

2

Asia to the United States.  CMT made arrangements with a Chinese
Corporation to manufacture the Steel Molds.  CMT also retained
World Commerce Services L.L.C. ("World"), a non-vessel operating
common carrier, to arrange the transport of the Steel Molds from
China to Illinois.  World, in turn, contracted with KL to
transport the steel molds from China.  KL and KAM transported
the steel molds to California and transferred the steel molds to
UP in Los Angeles.  UP then transported the cargo by rail from
California to Illinois.  While en route to Illinois, the train
carrying the steel molds and other cargo derailed.

Indemnity Insurance Company of America ("Indemnity
Insurance") and various shippers or their subrogated insurers
filed complaints between January and July of 2006 on behalf of
their insureds (various companies that had cargo damaged in the
derailment)("Shippers"), against KL, KAM and UP alleging various
causes of action relating to the cargo damaged in the
derailment.  KL, KAM and UP were alleged to be common carriers
responsible for delivery of the damaged cargo.  KL and KAM, in
turn, filed third-party complaints against Plano, World Commerce
Services, Inc. ("World") and CMT International ("CMT") for
indemnity or contribution, alleging claims for negligence and
breach of warranty under applicable bills of lading.  UP also
filed a third-party complaint against Plano and CMT on the same
grounds.

3

The third-party complaints against CMT and Plano were dismissed by this Court for lack of personal jurisdiction on June 13, 2007.  The Plaintiffs subsequently filed an action in the Northern District of Illinois as to the same issues against the same parties.  On April 10, 2008, that Illinois action, along with the other eight Southern District of New York actions were centralized for coordinated and consolidated pretrial proceedings in the Southern District of New York by the United States Judicial Panel on Multidistrict Litigation.[1]

This Court has overseen discovery and issued a number of decisions in this MDL.  All fact and expert discovery is complete.  All of the cargo claims were settled and dismissed and Plaintiffs' claims against World and CMT have been settled. The only remaining issues are the claims of KL, KAM and UP's against Plano and these issues are case specific.

In that case, a summary judgment motion, filed by the Defendant, was fully submitted on March 14, 2011.  Were this Court to deny summary judgment the trial of the action would have to be remanded to the transferor court in the Northern District of Illinois.  Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 40 (1997)

---

[1] The cases centralized in this MDL are eight consolidated actions from the Southern District of New York (06-cv-615, 06-cv-2557, 06-cv-2956, 06-cv-2962, 06-cv-3038, 06-cv-3040, 06-cv-3042, 06-cv-5159) and one action from the Northern District of Illinois (07-cv-5675).

Plaintiffs argue that remand of the action now promotes judicial efficiency because the remaining issues to be resolved are case specific.  They also argue that the trial court judge should decide the summary judgment motions since much, if not all, of the same evidence submitted in connection with these motions will be at issue in the trial.  Should Plaintiffs prevail on summary judgment then the trial court will already be familiar with the issues for trial.  Plaintiffs further argue that should the case proceed to trial that some of the issues in Plaintiffs in limine motions will overlap with some of the issues raised in the summary judgment motions.  Finally, Plaintiffs argue that remand is appropriate because some of the issues raised in the summary judgment motions raise Illinois state law and that the trial court is best suited to apply that law.

The Court finds there is no longer any significant efficiency obtained through coordinated pretrial proceedings because the only action that is still pending is the one between KL, KAM, UP and Plano and all common discovery is complete.  The remaining issues to be resolved are case specific.  It is therefore appropriate to remand this action to the transferor court in the Northern District of Illinois where it will be tried if summary judgment is denied by the Illinois trial judge.

5

For the reasons stated above the Plaintiff's Motion for a Suggestion of Remand is GRANTED.

SO ORDERED:

BARBARA S. JONES
UNITED STATES DISTRICT JUDGE


Dated:     New York, New York
           March 17, 2011

6